IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAZARO ROBBIO,

        Plaintiff,

    vs.                          CIVIL ACTION
                                  No. 05-3399-SAC

RALPH L. DELOACH, et al.,

        Defendants.

ORDER

    By an order entered on October 20, 2005 (Doc. 4), the court dismissed this civil rights action for failure to state a claim for relief. On November 14, 2005, the court docketed a pleading under this case number which had been submitted to the United States District Court for the Western District of Missouri. The court has examined the pleading (Doc. 5), which was executed by the plaintiff on November 5, 2006, and liberally construes it as a motion filed pursuant to Rule 60(b), Fed. R. Civ. P.

    "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th

Cir. 1990).

"A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243-44 (10th Cir. 1991), <u>cert. denied</u>, 506 U.S. 828 (1992). A motion under Rule 60(b) should not be used to reargue the merits of the judgment, nor is such a motion to be used as a substitute for appeal. <u>United States v. 31.63 Acres of Land</u>, 840 F.2d 760, 761 (10th Cir. 1988).

The plaintiff's motion does not provide grounds for relief. The motion identifies different defendants than the original complaint, and it does not include any clear statement of a constitutional violation. Rather, plaintiff appears to recite general precepts of prison litigation, including the exhaustion requirement, without reference to any specific events during his incarceration in this district.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for relief from the judgment (Doc. 5) is denied.

IT IS FURTHER ORDERED plaintiff may not file additional pleadings in this action unless he first obtains leave of the court.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 17th day of November, 2005.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        United States Senior District Judge